**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000012
27-JUN-2012
08:51 AM**

NO. CAAP-12-0000012

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

SUSAN S.Y. QUIMBY, Plaintiff-Appellant, v.
GATE GOURMET, INC. and STATE OF HAWAI'I, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-2053)

ORDER DISMISSING APPEAL
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Upon review of the record, it appears that we lack
jurisdiction over the appeal that Plaintiff-Appellant Susan S.Y.
Quimby (Appellant Quimby) has asserted from the Honorable Karl K.
Sakamoto's December 13, 2011 "Order Summarily Denying Plaintiff
Quimby's Motion for New Trial/Reconsideration of Order Dismissing
Complaint Filed Oct. 24, 2011" (the December 13, 2011

interlocutory order).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2011) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58 (emphasis added). The Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "[A]n order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." Alford v. City and County of Honolulu, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (citation omitted; emphasis added). For example, the Supreme Court of Hawai'i has held that, "[a]lthough RCCH [Rule] 12(q) [(regarding dismissal for want of prosecution)] does not mention the necessity of filing a separate document, HRCP [Rule] 58, as amended in 1990, expressly requires that 'every judgment be set forth on a separate document.'" Price v. Obayashi Hawaii Corp., 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996) (emphasis added). In contrast, "[a] post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d

974, 978 (2003) (citation omitted). Because a judgment has already been entered by the time any post-judgment proceeding takes place, "the separate judgment requirement articulated in Jenkins is inapposite in the post-judgment context." Ditto v. McCurdy, 103 Hawai'i at 158, 80 P.3d at 979.

At first glance, Appellant Quimby's appeal from the December 13, 2011 interlocutory order might appear to be an appeal from a post-judgment order, because

(a) HRCP Rule 60(b) expressly authorizes relief "from a final judgment, order, or proceeding[,]"

(b) "[a]n order denying a motion for post-judgment relief under HRCP [Rule] 60(b) is an appealable final order under HRS § 641-1(a)" (Ditto v. McCurdy, 103 Hawai'i at 160, 80 P.3d at 981 (citation omitted), and

(c) the December 13, 2011 interlocutory order denied Appellant Quimby's motion to set aside the circuit court's September 14, 2011 dismissal order pursuant to Rule 12(q) of the Rules of the Circuit Courts of the State of Hawai'i (RCCH).

However, although the December 13, 2011 interlocutory order denied, in effect, Appellant Quimby's motion to set aside the September 14, 2011 RCCH Rule 12(q) dismissal order, the September 14, 2011 RCCH Rule 12(q) dismissal order was not an independently appealable order, because the circuit court did not reduce it to a separate judgment pursuant to HRCP Rule 58. Price, 81 Hawai'i at 176, 914 P.2d at 1369 (a dismissal order is not eligible for appellate review absent the entry of a separate judgment). As an order that was not independently appealable, the September 14, 2011 RCCH Rule 12(q) dismissal order was not a "judgment," as defined by HRCP Rule 54(a). See HRCP Rule 54(a) ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies."). Hawai'i appellate courts have held that "a

motion for reconsideration, pursuant to HRCP Rule 60(b), is authorized only in situations involving final judgments." Cho v. State, 115 Hawai'i 373, 382, 168 P.3d 17, 26 (2007) (citations and internal quotation marks omitted); Crown Properties, Inc. v. Financial Security Life Insurance Co., Ltd., 6 Haw. App. 105, 112, 712 P.2d 504, 509 (1985) ("A Rule 60(b), HRCP, motion is authorized only in situations involving final judgments."); Tradewinds Hotel, Inc. v. Cochrane, 8 Haw. App. 256, 262, 799 P.2d 60, 65 (1990) ("Rule 60(b) applies to motions seeking to amend final orders in the nature of judgments."). Similarly in federal courts, "[t]he standard test for whether a judgment is 'final' for Rule 60(b) purposes is usually stated to be whether the judgment is sufficiently 'final' to be appealed." 12 James Wm. Moore et al., Moore's Federal Practice § 60.23, at 81-82 (3d ed. 2009) (footnote omitted). Thus, the United States Court of Appeals for the Ninth Circuit has explained that "Rule 60(b) [of the Federal Rules of Civil Procedure] . . . applies only to motions attacking final, appealable orders[.]" United States v. Martin, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000) (emphases added). The September 14, 2011 RCCH Rule 12(q) dismissal order was an interlocutory order, and an interlocutory "order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." HRCP Rule 54(b). HRCP Rule 59 and HRCP Rule 60(b) are neither applicable to nor necessary for a motion for reconsideration prior to the entry of an appealable final judgment. Therefore, although Appellant Quimby purported

to invoke HRCP Rule 60(b) in Appellant Quimby's motion to set aside the circuit court's September 14, 2011 RCCH Rule 12(q) dismissal order, Appellant Quimby was actually attempting to invoke the circuit court's inherent authority (as reflected in HRCP Rule 54(b)) to revise any and all interlocutory orders prior to the entry of a judgment. Because the September 14, 2011 RCCH Rule 12(q) dismissal order was not an appealable judgment (under the definition in HRCP Rule 54(a)), and because the circuit court did not enter any appealable separate judgment pursuant to HRS § 641-1(a), HRCP Rule 58, and the holding in Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338, HRCP Rule 60(b) did not apply to Appellant Quimby's motion to set aside the circuit court's September 14, 2011 RCCH Rule 12(q) dismissal order. Consequently, the December 13, 2011 interlocutory order is not a "post-judgment order" from which a party may appeal. Absent the entry of an appealable final judgment, the December 13, 2011 interlocutory order is an interlocutory order that will be eligible for appellate review whenever a party asserts a timely appeal from the future entry of an appealable final judgment, because "[a]n appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." Ueoka v Szymanski, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) (citation and internal quotation marks omitted). Absent an appealable final judgment, Appellant Quimby's appeal from the December 13, 2011 interlocutory order is premature, and we lack appellate jurisdiction. Therefore,

IT IS HEREBY ORDERED that Appeal No. CAAP-12-0000012 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 27, 2012.

Presiding Judge

Associate Judge

Associate Judge